## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| JUAN SANCHEZ on Behalf of Himself and on Behalf of All Others Similarly Situated, § § § § | |
| Plaintiff, § § | CIVIL ACTION NO.: 1:20-cv-00979 |
| V. § § | |
| S&P DATA NEW MEXICO, LLC, and S&P DATA, LLC, § § § | |
| Defendants. § | |

### PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE
### ACTION COMPLAINT & JURY DEMAND

### SUMMARY

1.     This lawsuit arises under the Fair Labor Standards Act ("FLSA"), the New Mexico Minimum Wage Act ("NMMWA"), and the common law of New Mexico law for breach of contract, quantum meruit and unjust enrichment against Defendants S&P Data New Mexico, LLC and S&P Data, LLC ("Defendants"). Defendants instituted company-wide policies that failed to pay the Plaintiff and the Class Members for all hours worked. As a result of not paying for all hours worked, Defendants owe the Plaintiff and the Class Members substantial wages.

2.     Defendant's unlawful policies include (1) failing to compensate the Plaintiff and Class Members for their compensable preliminary activities, (2) and instituting a policy of only paying for the time spent by customer service agents on active calls with customers instead of all time worked between the start and end of the workday, and (3) failing to include bonus payments in the calculation of the regular rate of pay.

3.     Consequently, Defendants' compensation policies violate the FLSA which requires non-exempt employees, such as Plaintiff and the Class Members, to be compensated at

1

one and one-half times their regular rates of pay for each hour worked over forty (40) per week. *See* 29 U.S.C. § 207(a).  Defendants' policies also violate the New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. § 50-4-22(D), which, like the FLSA, requires compensation for each hour worked over 40 at one and one-half times an employee's regular rate of pay. *See* N.M. STAT. ANN. § 50-4-22.  Furthermore, as a result of not paying the Plaintiff and Class Members for all compensable hours worked in non-overtime weeks, Defendants have violated the common law of New Mexico.  Plaintiff and the Class Members are owed money for the time spent working for Defendant that went unpaid in non overtime weeks as a result of the policies identified above.

4.     Plaintiff brings this collective action to recover unpaid overtime wages owed to him individually and on behalf of all current and former customer service agents of Defendants at any time during the three-year period prior to the filing of this Complaint.

5.     Plaintiff also brings his claims under the NMMWA on behalf of all current and former customer service agents of Defendants who worked at any time during the three-year period prior to the filing of this Complaint in New Mexico.  Plaintiff brings this claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6.     Finally, Plaintiff brings his claims for breach of contract, quantum meruit and unjust enrichment on behalf of all current and former customer service agents of Defendants who worked at any time during the four-year period prior to the filing of this Complaint in New Mexico.  Plaintiff brings these claims as a class action pursuant to Rule 23 of Federal Rules of Civil Procedure.

**SUBJECT MATTER JURISDICTION AND VENUE**

7. This court has federal question jurisdiction over the subject matter of this action pursuant 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

8. Subject matter jurisdiction is also appropriate under the Class Action Fairness Act, 28 U.S.C. § 1332(d) because the amount in controversy, exclusive of interest and costs, exceeds $5,000,000 and members of the proposed classes, as defined below, including Plaintiff, are citizens of a different state than Defendants.

9. Further, this Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this District. Plaintiff worked in this District when the violations took place.

**PARTIES AND PERSONAL JURISDICTION**

11. Plaintiff Sanchez is an individual residing in Albuquerque, New Mexico. His written consent to this action is attached hereto as Exhibit "A."

12. The FLSA Class Members are all of Defendants' current and former customer service agents, and all employees in substantially similar positions, who worked at least one week during the three-year period prior to the filing of this Complaint to the present.

13. The New Mexico Minimum Wage Act Class Members ("NMMWA Class Members") are all of Defendants' current and former customer service agents, and all employees

in substantially similar positions, who worked at least one week in New Mexico during the three-year period prior to the filing of this Complaint to the present.

14. The New Mexico Law Class Members ("NM Law Class Members") are all of Defendants' current and former customer service agents, and all employees in substantially similar positions, who worked at least one week in New Mexico during the four-year period prior to the filing of this Complaint to the present.

15. Collectively herein, the FLSA Class Members, NMMWA Class Members and NM Law Class Members are referred to as "Class Members." The NWWWA Class Members and NM Law Class Members are collectively referred to herein as the "New Mexico Class Members."

16. Defendant S&P Data New Mexico, LLC is a foreign limited liability company organized under the laws of Delaware. Said Defendant can be served with process by serving its registered agent the Corporation Service Company at 726 E. Michigan Dr., Ste. 101, MC-CSC1, Hobbs, NM 88240.

17. Defendant S&P Data, LLC is a foreign limited liability company organized under the laws of Delaware. Said Defendant can be served with process by serving its registered agent the Corporation Service Company at 726 E. Michigan Dr., Ste. 101, MC-CSC1, Hobbs, NM 88240.

18. This Court has personal jurisdiction over Defendants because they have purposefully availed themselves of the privilege of conducting business activities in the state of New Mexico. Defendants have established minimum contacts sufficient to confer jurisdiction over them, and the assumption of jurisdiction over Defendants will not offend traditional notions

of fair play and substantial justice. The exercise of jurisdiction over Defendants is, therefore, consistent with the constitutional requirements of due process.

19. Specifically, Defendants employ residents of New Mexico, own property in New Mexico, contract with companies in New Mexico, advertise in New Mexico, and maintain a business presence in this state.

20. The causes of action in this suit arises from and relates to the contacts of Defendants with the state of New Mexico, specifically Defendants' employment of New Mexico residents and the subsequent failure to pay those residents in accordance with the FLSA and New Mexico law.

## COVERAGE

21. At all material times, Defendants have been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

22. At all material times, Defendants have been an employer within the meaning of N.M. STAT. ANN. § 50-4-21(B).

23. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

24. At all material times, Defendants have had an annual gross business volume in excess of the statutory standard.

25. At all material times, Plaintiff and Class Member were/are employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

26. At all material times, Plaintiff and Class Members were employees of Defendants with the meaning of N.M. STAT. ANN. § 50-4-21(C).

27. For all intents and purposes, Defendants operate as the same company and operate as a single enterprise. Despite the corporate fragmentation, a "single enterprise" under the FLSA exists. *See Donovan v. Grim Hotel Co.*, 747 F.2d 966 (5th Cir. 1984). The Defendants share the same officers and directors, such as Dan Plashkes, David Borts, and Don Huff. In fact, there is common ownership over the Defendants.

28. The Defendants also perform related activities. That is, they operate customer support centers across the U.S. They have the same policies and procedures and use the same internal software. They also operate under the same brand name of "S&P Data." They advertise on the same websites - https://www.spdatallc.com/. Further, they each provide the same service to customers, which is to operate customer support centers for their client customers, with a common business purpose.

29. The Defendants also operate in a unified manner and under common control. They have the same accounting and payroll operations. Additionally, they share control over hiring, firing, payroll, and overhead decisions and they have the same officers and directors.

30. Furthermore, Defendants represent themselves to the general public as one business operating at multiple locations. They pool their resources and have common ownership. In fact, Defendants provide the same service to their customers.

31. Based upon these facts, at all material times, Defendants have operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Reich v. Bay, Inc.*, 23 F.3d 110, 113 (5th Cir. 1994). Additionally, based upon these facts, Defendants are joint employers and are jointly and severally liable for all wage and hour

compliance, including the payment of overtime and minimum wage compensation. *See* 29 C.F.R. § 791.2(a); *Schultz v. Capital International Security, Inc.*, 466 F.3d 298, 306 (4th Cir. 2006).

32. Defendants are mere instrumentalities or alter egos of each other and each Defendant is vicariously liable for the violations committed by each other.

## **FACTS**

33. Defendants operate several customer service call centers across the U.S. Defendants' website states that they provide "Premium sales and customer care for companies who want to delight their customers at every step." (*See* https://www.spdatallc.com/, last visited September 23, 2020).

34. Plaintiff has worked in Defendants' customer service call center in New Mexico along with approximately 200 other customer service workers.

35. Plaintiff's primary duty was to communicate with customers and to answer general questions for the customers of Defendants' clients. Plaintiff provided services for Defendants' client ADT.

36. Defendants paid Plaintiff and the Class Members on an hourly basis.

37. Plaintiff and the Class Members were not exempt from overtime.

38. Plaintiff and the Class Members worked in Defendants' call centers.

39. The call centers consist of an open room filled with hundreds of workstations.

40. However, the workstations were not pre-assigned each day. The Plaintiff and Class Members had to find a workstation on a first come basis each day.

41. The call centers operate throughout the day with overlapping shifts.

42. At times, the Plaintiff and Class Members spent approximately 10 to 30 minutes each day performing pre-shift activities without pay.

43. First, the Plaintiff and Class Members had to find an open workstation and to log in to the computer system. Defendants did not compensate the Plaintiff and the Class Members for this time.

44. After finding an open workstation, the next step was to open and activate a series of programs in the order required by Defendants.

45. The programs that needed to be activated included the following:

    a. Windows

    b. SP1

    c. Citrix

    d. Chuddly

    e. Command Existing

    f. A list of phone extensions

    g. Sales Force

    h. The sales confirmation script

    i. ASPECT

    j. Teams

    k. Email account

46. The final program was Chronos which allowed the Plaintiff and Class Members to clock in for time keeping purposes.

47. Defendants required the Plaintiff and Class Members to be logged into all of their programs and ready to field calls at the time their scheduled shift began. Thus, the Plaintiff and Class Members had to do the necessary preliminary work prior to the start of their shift.

48. Defendants ran productivity reports on the Plaintiff and Class Members to identify those employees who were not logged in at the appropriate time. The Plaintiff and Class Members were subject to discipline if they were not logged in and taking calls at their assigned time. To avoid being disciplined, the Plaintiff and Class Members were told by their supervisors to arrive before their shifts begin to locate a workstation and to activate all programs. Again, however, they were not paid for of all of this compensable pre-shift work.

49. Additionally, after being clocked in, the Plaintiff and Class Members were not paid for all of the time that they worked. They were only paid for the time spent in active calls with customers. Even though the Plaintiff and Class Members were clocked in, their time for pay purposes was only measured based upon the amount of time they spent communicating with customers. This pay practice is a per se violation of the law.

50. By not paying for all time worked, Defendants violated the law. Thus, the Plaintiffs and Class Members are owed substantial wages for the time spent working each week that went unpaid.

51. Moreover, Defendants issued bonuses to the Plaintiff and Class Members when they made certain sales to customers. However, these bonuses were not factored into the regular rate of pay for purposes of paying overtime. As a result, the overtime wage that Defendants paid was less than the law requires.

52. The bonuses should have been factored into the regular rate of pay because the bonuses were non-discretionary. 29 C.F.R. § 778.207. Non-discretionary bonuses include those that are designed to encourage employees to work more steadily, rapidly, or efficiently. *Id*. Few bonuses are discretionary under the FLSA. *See* 29 C.F.R. 778.200; 778.208; 778.209.

53. 29 C.F.R. § 788.211 provides that if there is a prior agreement or notice in advance about the ability to earn the bonus, then the bonus is non-discretionary:

> In order for a bonus to qualify for exclusion as a discretionary bonus under section 7(e)(3)(a)the employer must retain discretion **both as to the fact of payment** and as to the **amount until a time quite close to the end of the period for which the bonus is paid**. The sum, if any, to be paid as a bonus is determined by the employer **without prior promise or agreement**. The employee has no contract right, express or implied, to any amount. If the employer promises in advance to pay a bonus, he has abandoned his discretion with regard to it. **Thus, if an employer announces to his employees in January that he intends to pay them a bonus in June, he has thereby abandoned his discretion regarding the fact of payment by promising a bonus to his employees**.

29 C.F.R. § 788.211 (emphasis added).

54. Bonuses that are intended to encourage the employee to work harder and serve as a reward for performance are non-discretionary bonuses. In such situations, the bonuses should be included in the regular rate of pay. *See* 29 C.F.R. § 778.212(b) ("If it is measured by hours worked, production, or efficiency, the payment is geared to wages and hours during the bonus period and is no longer to be considered as in the nature of a gift."). The federal regulations provide several examples of bonuses that must be included in the regular rate of pay:

> Attendance bonuses, individual or group production bonuses, bonuses for quality and accuracy of work, bonuses contingent upon the employee's continuing employment until the time the payment is to be made and the like are in this category. They must be included in the regular rate of pay.

29 C.F.R. § 778.211(c).

55. Here, the bonuses were non-discretionary because the Plaintiff and Class Members were told in advance that they would receive the bonus if certain requirements were met. Further, the bonuses were designed to encourage the Plaintiff and Class Members to work harder and to serve as reward for their performance. Again, by not including the bonuses in the regular rate of pay, Defendants' violated the law.

56. Defendants' actions in this case were willful. Defendant knew the requirement to pay for all time worked and to pay overtime wages but intentionally and/or recklessly chose to disregard the law.

## COUNT I
### Violation of 29 U.S.C. § 207
### (Collective Action on Behalf of the FLSA Class Members)

57. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

58. Defendants' practice of failing to pay Plaintiff and the FLSA Class Members one and one-half times their regular rate of pay for all hours worked over 40 in a workweek violates the law. *See* 29 U.S.C. § 207.

59. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime are applicable to Defendants, Plaintiff, or the FLSA Class Members.

60. Due to their violations of the FLSA, Defendants are liable to Plaintiff and the FLSA Class Members for their unpaid overtime, an equal amount as liquidated damages, attorneys' fees and court costs.

## COLLECTIVE ACTION ALLEGATIONS

61. Plaintiff brings this suit as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all customer service agents during the three-year period prior to the filing of this Complaint to the present.

62. Plaintiff has actual knowledge, through conversations with and personal observation of other employees, that a class of similarly situated workers exists who have been denied pay by being subjected to the same illegal pay practices described above.

63. The Class Members are similarly situated to Plaintiff in that they share the same duties and were subject to Defendants' policies of not paying for all hours worked and not having their bonuses factored into their regular rates of pay for purposes of pay overtime wages.

64. Defendants use the same compensation structure regardless of the supervisor of a particular Class Member.

65. All Class Members performed the same job functions.

66. The names and address of the Class Members of the collective action are available from Defendants' records. The Class Members should be allowed to receive notice via First Class Mail, email, via text and via a website with basic information about the lawsuit or by use of techniques and a form of notice similar to those customarily used in representative actions.

67. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can be easily calculated using a simple formula.

68. The class of similarly situated FLSA Class Members may be properly defined as follows:

> All current and former customer service agents, and all employees in substantially similar positions, who worked at least one week during the three-year period prior to the filing of this Complaint to the present.

69. Defendants' failure to pay overtime in accordance with the FLSA was willful and not based on a good faith belief that its conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

## COUNT II
### Violation of the New Mexico Minimum Wage Act
### (Class Action on Behalf of the NMMWA Class Members)

70. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

71. The NMMWA requires payment of one and one-half times the employee's regular rate for each hour worked per week over 40 hours. N.M. STAT. ANN. § 50-4-22(D).

72. As a result of the foregoing conduct, as alleged, Defendants have failed to pay wages due under the NMMWA, thereby violating, and continuing to violate, the NMMWA.

73. Plaintiff brings his claims on behalf of himself and all similarly situated employees pursuant to N.M. STAT. ANN. § 50-4-26(C)-(E) which authorizes a private cause of action for Plaintiff and the New Mexico Class Members to recover their unpaid wages plus interest, an additional amount equal to twice the unpaid or underpaid wages, as well as costs of court and attorneys' fees.

## COUNT III
### Violation of New Mexico Law
### Breach of Contract
### (Class Action on Behalf of the NM Law Class Members)

74. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

75. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3) and pursuant to 28 U.S.C. § 1367, or alternatively CAFA, Plaintiff seeks to prosecute New Mexico state law claims for breach of contract as a class action against Defendants.

76. Defendants entered into valid and enforceable contracts to pay the Plaintiff and Class Members for all hours worked.

77. The Plaintiff and Class Members were to be paid the specified rate identified on their pay records for each hour worked.

78. The Plaintiff and Class Members performed worked on behalf of Defendants as agreed, but Defendants failed to pay the wages it was required to pay as a result of the policies identified above.

79. Defendants had both actual and constructive knowledge that the Plaintiff and Class Members performed work without pay.

80. The Plaintiff and Class Members performed the work at Defendants' direction and for Defendants' benefit.

81. Consequently, Defendants are liable to the Plaintiff and Class Members.

## COUNT IV
## Violation of New Mexico Law
## Quantum Meruit
## (Class Action on Behalf of the NM Law Class Members)

82. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

83. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3) and pursuant to 28 U.S.C. § 1367, or alternatively CAFA, Plaintiff seeks to prosecute New Mexico state law claims for quantum meruit as a class action against Defendants.

84. Plaintiff asserts that he and each NM Law Class Member provided valuable services to Defendants, that Defendants accepted those services, and that Defendants had reasonable notice that Plaintiff and the NM Law Class Members expected to be compensated for their services furnished to Defendants.

85. The reasonable value of the services provided but not paid for by Defendants with respect to this Rule 23 claim is the difference between the number of hours said Class Members were paid in non-overtime weeks and the number of hours they actually worked, multiplied by each Class Member's then-applicable hourly rate as identified on their pay records. Alternatively, the reasonable value of the service provided but not paid for by Defendants is the average hourly rate for similar employees in New Mexico. However, in no event is the reasonable value of the services provided but not paid for by Defendants less than the applicable minimum wage rate in New Mexico for each hour worked.

**COUNT V**
**Violation of New Mexico Law**
**Unjust Enrichment**
**(Class Action on Behalf of the NM Law Class Members)**

86. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

87. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3) and pursuant to 28 U.S.C. § 1367, or alternatively CAFA, Plaintiff seeks to prosecute New Mexico state law claims for unjust enrichment as a class action against Defendants.

88. Defendants have been unjustly enriched at the expense of Plaintiff and the NM Law Class Members by failing to pay for work performed by Plaintiff and the NM Law Class Members.

89. Defendants knowingly and/or intentionally accepted the benefit of the work performed by Plaintiff and the NM Law Class Members, despite their policy and practice of failing to pay Plaintiff and the NM Law Class Members for such work. In particular, Defendants received the benefit of the labor and services provided by Plaintiff and the NM Law Class Members.

90. Such conduct demonstrates bad faith and undue advantage on the part of Defendant.

91. It would be unjust and inequitable for Defendants to retain the benefit of the unpaid work performed by Plaintiff and the NM Law Class Members in non-overtime weeks.

**RULE 23 CLASS ACTION ALLEGATIONS**

92. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

93. Plaintiff brings his claims arising under the NMMWA as a Rule 23 class action on behalf of the following class:

> All current and former customer service agents, and all employees in substantially similar positions, who worked at least one week in New Mexico during the three-year period prior to the filing of this Complaint to the present.

94. Plaintiff brings his claims for breach of contract, quantum meruit and unjust enrichment as a Rule 23 class action on behalf of the following class:

> All current and former customer service agents, and all employees in substantially similar positions, who worked at least one week in New Mexico during the four-year period prior to the filing of this Complaint to the present.

95. Although Plaintiff does not know the precise number of members of the proposed classes, Plaintiff believes there are more than 500.

96. The members of the classes are so numerous that their individual joinder is impractical.

97. The identities of the members of the New Mexico Classes are readily discernible from Defendants' records.

98. Plaintiff and the proposed New Mexico Classes on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

99. Common questions of law and fact exist to all members of the classes. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

   (a) Whether Plaintiff and the New Mexico Class Members worked hours for which they were not paid;

   (b) Whether Plaintiff and the New Mexico Class Members were denied overtime pay;

(c) Whether Defendants implemented policies that systematically deprived hourly employees of compensation for their actual time worked;

(d) Whether Defendants knowingly directed and/or permitted its hourly employees to perform work for the benefit of Defendants without pay;

(e) Whether Defendants received and accepted valuable services from the New Mexico Class Members while knowing that the New Mexico Class Members expected to be compensated for those services;

(f) Whether Defendants were unjustly enriched by holding money which in equity and good conscience belonged to the New Mexico Class Members; and,

(g) Whether Defendants are liable for the damages claimed hereunder, including but not limited, the New Mexico Class Members actual damages, attorneys' fees, and costs.

100. These and other common questions of law and fact, which are common to the members of the classes, predominate over any individual questions affecting only individual members of the classes.

101. Plaintiff's claims are typical of the claims of the classes because Plaintiff was not paid wages in accordance with New Mexico law and because Defendants unlawfully retained compensation that in equity belongs to him, just as was done with respect to the New Mexico Class Members.

102. Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the class that she seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this

action vigorously. The interests of the classes will be fairly and adequately protected by Plaintiff and his counsel.

103.    The class action under New Mexico state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiff and the New Mexico Class Members. The injuries suffered by each individual Class Member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for members of the class individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## JURY DEMAND

104.    Pursuant to his rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

105.    For these reasons, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Class Members awarding them:

    a.    All unpaid wages;

    b.    Overtime compensation for all hour works in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

  c. For the FLSA Class Members, an equal amount of their unpaid wages as liquidated damages, as allowed under the FLSA;

  d. For the New Mexico Class Members, an amount equal to twice their unpaid wages and interests;

  e. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA, New Mexico law, and the NMMWA; and

  f. Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

        Respectfully submitted,

        HODGES & FOTY, L.L.P.

      By: /s/ Don J. Foty
        Don J. Foty
        dfoty@hftrialfirm.com
        Texas Bar No. 24050022
        4409 Montrose Blvd., Suite 200
        Houston, TX 77006
        Telephone: (713) 523-0001
        Facsimile: (713) 523-1116

        ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS